Shippen, Justice.
I concur in the opinion given by the Chief Justice, but only for one of the reasons, which he has assigned. It appears clearly to my mind, from all the English authorities produced, that in that country, there has been no relaxation of the rule upon the question of interest, respecting the testimony of the parties injured, in cases of Perjury and Forgery ; but, on the contrary, from the case in Hardress 331. down to the case in Leach 287, it has been the general practice to give a release to the witness, in order to render him competent. In point of policy, likewise, there is undoubtedly an inconveniency arising from the adoption of either doctrine ; for, the witness may be biassed by the reflection, that, although the record on the indictment cannot be given in evidence in a civil action, yet, that the conviction will be talked of and insensibly prejudice the public in his favor.
My acquiescence, therefore, in the opinion which has been just delivered, is founded entirely on the authority of the cases that have been adjudged in this State. These seem to have settled the law in favor of admitting the testimony proposed ; and I am sensible of the importance of preserving uniformity in our municipal decisions.
Yeates and Smith, Justices, declared their concurrence in the opinion of the Court, as delivered by the Chief Justice.
II. The Attorney General offered Jacob Morgan, the indorsor of the note, as a witness, admitting that the indorsement was in the hand-writing of Morgan, and that he was liable for the amount of the note to Thomas Allibone, the holder.
*242 The counsel for the defendant opposed the admission of the testimony, contending, that Morgan was disqualified from proving the note a forgery, having given credit to it, by his indorsement. 1 T. Rep. 296. 3 T. Rep. 34.
The counsel for the prosecution answered, that Morgan could have no interest, as he confessed himself to be liable to the holder of the Note, whatever might be the issue of the trial.
But, by the Court : The objection is not on the ground of interest; but on the impolicy of suffering a man to discredit an instrument, to which he has previously given credit, by his indorsement. The rule of law seems settled ; and is, in general, a good one. However desirous, therefore, we may be to obtain the light of this witness’s evidence, we must, for that reason alone, reject it.
III. The counsel for the prosecution then proved, that Jacob Morgan had paid the Note and taken it up (which was done in Court) and offered him again as a witness. The prisoner’s counsel still objected; but the Court over-ruled the objection; and the witness was sworn.
Verdict, Guilty on the count for fraudulently procuring Morgan to endorse the Note, and Not Guilty on the other counts of the indictment.